## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| David Junior Howell, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv925 (TSE/JFA) |
| | ) | |
| Harold W. Clarke, | ) | |
|     Respondent. | ) | |

### MEMORANDUM OPINION

David Junior Howell, a Virginia inmate proceeding pro se, has filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the

Circuit Court for the County of Henrico, Virginia of one count of grand larceny and two counts

of construction fraud.  Respondent has filed a Motion to Dismiss and Rule 5 Answer, with a

supporting brief and numerous exhibits.  Petitioner was given the opportunity to file responsive

materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed replies on

January 14 and January 15, 2015.  For the reasons that follow, petitioner's claims must be

dismissed.

### I. Background

On October 1, 2009, petitioner pled guilty to one count of grand larceny, Commonwealth

v. Howell, Case No. CR09-1040.  On December 17, 2009, petitioner pled guilty in the same

court to two counts of construction fraud.  Commonwealth v. Howell, Case Nos. CR09-3937,

3938.  The court conducted a consolidated sentencing hearing and, by final order dated May 24,

2010, sentenced petitioner to twenty years' incarceration with fifteen years suspended on the

grand larceny charge, and five years' incarceration with four years suspended on each

construction fraud charge, for a total of seven years' incarceration.  Although the instant petition

challenges both convictions, petitioner challenged them separately in state court, and they therefore have separate procedural histories.

Petitioner did not note a direct appeal of his construction fraud conviction. On September 2, 2010, however, he filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging ineffective assistance of trial counsel. The court dismissed the petition on its merits on January 13, 2011. Howell v. Dir. of the Dep't of Corr., R. No. 101783. Petitioner did not file any additional challenges to his construction fraud conviction until he filed a petition for a writ of habeas corpus in the Circuit Court on March 7, 2013, challenging all of his convictions.

Petitioner noted a direct appeal of his grand larceny conviction on June 1, 2010. The sole ground petitioner raised in this appeal was that he received ineffective assistance of counsel. By order dated April 26, 2011, the Court of Appeals of Virginia dismissed the appeal, finding that claims of ineffective assistance of counsel are not cognizable on direct appeal. Howell v. Commonwealth, R. No. 1157-10-2. Petitioner then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on June 14, 2011, alleging in relevant part that (1) appellate counsel rendered ineffective assistance by denying petitioner the right to pursue a direct appeal; and (2) appellate counsel rendered ineffective assistance by not pursuing an appeal to the Supreme Court of Virginia. The Supreme Court of Virginia found that petitioner had adequately alleged that he was denied the right to file a direct appeal. Accordingly, by order dated December 7, 2011, the Supreme Court of Virginia granted petitioner the right to file a delayed appeal. Howell v. Warden of the Deep Meadow Corr. Cntr., R. No. 11161. The court stated that its decision was "without prejudice to the petitioner's right to file a subsequent petition for a writ of habeas corpus limited to the ground or grounds raised in the present petition." Id. at 1.

2

Petitioner then filed a notice of appeal to the Court of Appeals of Virginia on January 23, 2012. By published opinion, the court affirmed petitioner's conviction. Howell v. Commonwealth, 60 Va. App. 737, 732 S.E.2d 722 (Va. Ct. App. 2012). The Supreme Court of Virginia refused petitioner's petition for appeal on March 19, 2013. Howell v. Commonwealth, R. No. 121934.

On or about March 7, 2013, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for the County of Henrico, challenging both his construction fraud and grand larceny convictions. Petitioner alleged the following grounds for relief:

> A.  His guilty pleas to the construction fraud counts were "invalid" due to ineffective assistance of counsel;
> B.  His guilty pleas to the construction fraud counts and his Alford[1] plea to the grand larceny count were "void" because the trial court did not conduct an adequate plea colloquy;
> C.  His Alford plea to his grand larceny count was involuntary because counsel misrepresented the nature of the offense;
> D.  Counsel rendered ineffective assistance during his direct appeal from the grand larceny charge by failing to challenge the sufficiency of the evidence used to convict him;
> E.  Trial counsel rendered ineffective assistance in his construction fraud cases by failing to object when petitioner was ordered to pay restitution "for crimes of which he was not convicted;
> F.  Restitution in his construction fraud cases was ordered for charges which were dismissed, rendering this restitution "null and void;"
> G.  His pleas to both the construction fraud and grand larceny counts were involuntary because counsel failed to advise him that he would be required to pay restitution;
> H.  His convictions for both the construction fraud and grand larceny charges were "null and void" due to the "extrinsic fraud" of both the Commonwealth Attorney and his own counsel;
> I.  He was entitled to relief based on the "cumulative errors" of his trial counsel.

The circuit court denied his petition by order dated October 15, 2013. Howell v. Clarke, Case No. CR09-1040-00F. The Supreme Court of Virginia dismissed his appeal on July 1, 2014. Howell v. Clarke, R. No. 140086.

---

[1] North Carolina v. Alford, 400 U.S. 24 (1970).

On July 3, 2014, petitioner filed the instant federal habeas petition,[2] raising identical claims to those raised in his habeas petition filed in the Circuit Court for the County of Henrico. In response to an Order from this Court, petitioner filed an amended petition on September 22, 2014. On December 21, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed responses on January 14 and January 15, 2015. Because petitioner's claims are all barred from review on the merits by either the applicable statute of limitations, 28 U.S.C. § 2244(d), or the Circuit Court's finding of procedural default, petitioner's claims must be dismissed.

## II. Timeliness

Petitioner's claims arising out of his construction fraud conviction (encompassing all of Claim A, a portion of Claim B, all of Claim E, all of Claim F, a portion of Claim G, and a portion of Claim H) are barred by the applicable statute of limitations. A § 2254 petition for a writ of habeas corpus must be dismissed if filed more than one year after (1) the judgment of conviction becomes final; (2) the removal of any state-created impediment to the filing of the petition; (3) recognition by the United States Supreme Court of the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Based on the records of the state proceedings, petitioner's construction fraud convictions became final on June 23, 2010, the last day on which he could have noted an appeal of this

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner stated that he mailed his original petition to this Court on July 3, 2014. It was received on July 17, 2014.

conviction to the Court of Appeals of Virginia.[3]  In calculating the one-year statute of limitations period, a federal court must toll any time during which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Whether a state post-conviction proceeding is "properly filed" is determined by applicable state law, as interpreted by state courts. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner filed his petition for a writ of habeas corpus in the Supreme Court of Virginia on September 2, 2010. At that time, 71 days of the one-year limitations period had run. The court denied his petition on January 13, 2011. Accordingly, the limitations period was tolled between September 2, 2010 and January 13, 2011. Between January 13, 2011, and March 7, 2013, when petitioner filed his state habeas petition in the Circuit Court for the County of Henrico, over two years passed. Since more than two years passed between the date petitioner's conviction became final and the date on which he filed his federal petition, petitioner's claims challenging his construction fraud conviction are time-barred.

Petitioner argues that, pursuant to Martinez v. Ryan, _U.S._, 132 S. Ct. 1309 (2012), he is entitled to tolling of the statute of limitations. Because Martinez applies only to procedurally defaulted claims, rather than untimely-filed claims,[4] it appears that petitioner intends to argue that he is entitled to equitable tolling of the statute of limitations. The United States Supreme Court has held that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 634 (2010). The United States Court of Appeals for the Fourth Circuit

---

[3] See Va. S. Ct. R. 5A:6(a) ("No appeal shall be allowed unless, within 30 days after entry of final judgment [of the trial court] . . . counsel fails with the clerk of trial court a notice of appeal . . . .").

[4] See, e.g., Couch v. Woodson, No. 3:13cv146, 2013 WL 5933543, at *2, (E.D. Va. Nov. 5, 2013).

has also held that the limitations may be equitably tolled in limited circumstances. See, e.g., Rouse v. Lee, 246 (4th Cir. 2003). However, the Fourth Circuit and several other courts have held that "any resort to equity must be reserved for those instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 246. Therefore, for equitable tolling to apply, a petitioner must establish that (1) he has been diligently pursuing his rights, and that (2) some "extraordinary circumstance," beyond his control and external to his own conduct, interfered with his ability to timely file his petition. Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418). Court should equitably toll the statute of limitations only in rare situations, "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). If petitioner, by citing Martinez, intends to argue that ineffective assistance of counsel excuses his untimely filing, he has not provided any factual support for his argument that counsel rendered ineffective assistance. He has therefore not shown that he is entitled to equitable tolling of the statute of limitations.

### III. Procedural Default

Petitioner's claims challenging his grand larceny conviction (encompassing a portion of Claim B, all of Claim C, all of Claim D, a portion of Claim G, a portion of Claim H, and all of Claim I) are timely filed; however, the Circuit Court for the County of Henrico found them all to be procedurally defaulted. If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application

does not depend on the federal Constitution. <u>Williams</u>, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. <u>See, e.g.</u>, <u>Harris v. Reed</u>, 489 U.S. 255, 262 (1989) (internal citations omitted).

## A. Claim B

In Claim B, petitioner argues that his guilty pleas were "void" because the trial court did not adequately determine that he understood the nature of the charges against him. In petitioner's state habeas proceedings, the Circuit Court held that this claim was procedurally defaulted under the rule of <u>Slayton v. Parrigan</u>, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), <u>cert. denied</u>, 419 U.S. 1108 (1975) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). <u>See</u> <u>Howell v. Clarke</u>, slip op., at 4. As the Fourth Circuit has held consistently that "the procedural default rule set forth in <u>Slayton</u> constitutes an adequate and independent state law ground for decision," <u>Mu'min v. Pruett</u>, 125 F.3d 192, 196-97 (4th Cir. 1997), this finding of procedural default is presumed to be correct. Absent a showing of cause and prejudice, this claim is not reviewable in federal habeas.

## B. Claims C, G, H, and I

In Claim C, petitioner argues that his <u>Alford</u> plea was not entered knowingly and voluntarily due to misrepresentation by counsel of the nature of the offense of grand larceny. In Claim G, petitioner argues that his <u>Alford</u> plea was involuntary because counsel failed to advise him that his sentence would include restitution. In Claim H, petitioner argues that his conviction was "null and void" due to "extrinsic fraud" by defense counsel and the Commonwealth Attorney. In Claim I, petitioner contends that the "cumulative errors" of his trial counsel entitle him to habeas corpus relief. The Circuit Court, reviewing petitioner's state habeas petition,

7

found that these claims were procedurally defaulted from review by Virginia Code § 8.01-654(B)(2), which provides that a habeas petition "shall contain all allegations of the facts of which are known to petitioner at the time of filing . . . No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Because petitioner had knowledge of these claims at the time he filed his first habeas petition in the Supreme Court of Virginia challenging his grand larceny convictions, but failed to raise these claims at that time, the court found that he was prevented from raising them in his second state petition. See Howell v. Clarke, slip op., at 5, 8-9.

The Fourth Circuit has held that the rule in Virginia Code § 8.01-654(B)(2) barring successive habeas petitions is an adequate and independent state law rule. See Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000). Accordingly, absent a showing of cause and prejudice, these claims are not reviewable in federal habeas.

## C. Claim D

In the instant petition, petitioner argues that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal. In his first state habeas petition challenging his grand larceny convictions, on the other hand, petitioner alleged that appellate counsel denied him the right to pursue a direct appeal, and that appellate counsel failed to pursue an appeal to the Supreme Court of Virginia. Accordingly, the Circuit Court found that the claim raised here was also defaulted pursuant to Virginia Code § 8.01-654(B)(2). Therefore, absent cause and prejudice for this default, this claim is also not reviewable in federal habeas.

## D. Cause and Prejudice

To establish cause and prejudice for his procedurally defaulted claims, petitioner relies on Martinez v. Ryan, _ U.S. _, 132 S. Ct. 1309 (2012). See, e.g., Pet. [Dkt. 1], at 6, 8. In Martinez,

the United States Supreme Court held that, if state law requires a petitioner to raise ineffective

assistance of counsel for the first time on collateral review, a petitioner can establish cause for

failure to raise such a claim if the state court did not appoint counsel in the collateral review

proceeding or if appointed counsel was ineffective. Id. at 1318. If a petitioner establishes cause

in this fashion, he must still establish prejudice to overcome the procedural default. In this

respect, the petitioner must establish "that the underlying ineffective-assistance-of-trial-counsel

claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has

some merit." Id. at 1318-19 (internal citations omitted). Accordingly, in the words of a recent

Fourth Circuit case, a petitioner may rely on Martinez only if

> (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the
> 'cause' for the default 'consist[s] of there being no counsel or only ineffective
> counsel in during the state collateral review proceeding'; (3) 'the state collateral
> review proceeding was the initial review proceeding in respect to the ineffective-
> assistance-of-trial-counsel claim'; and (4) state law 'requires that an ineffective-
> assistance-of-trial-counsel claim be raised in an initial-review collateral
> proceeding.'"

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014) (quoting Trevino v. Thaler, _ U.S. _, 133 S.

Ct. 1911, 1918 (2013)).

The first step in determining whether Martinez applies here is to assess whether, under

Virginia law, ineffective assistance of counsel claims may be raised on direct appeal. In this

respect, it is clear that Virginia law requires that all claims of ineffective assistance of counsel be

raised on collateral review. See, e.g., Lenz v. Commonwealth, 261 Va. 451, 460, 544 S.E.2d

299, 304 (2001) (internal citations omitted) ("Claims raising ineffective assistance of counsel

must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal.");

Browning v. Commonwealth, 19 Va. App. 295, 297 n.2, 452 S.E.2d 360, 362 n.2 (1994) (stating

that a portion of the Virginia Code allowing some ineffective assistance claims to be raised on

9

direct appeal was repealed in 1990). As petitioner was not appointed counsel in his state habeas proceeding, he has clearly met requirements (2), (3), and (4) explained in Trevino and Fowler. The remaining question is whether petitioner has established prejudice by showing that his claims of ineffective assistance of trial counsel are "substantial." Petitioner has failed to show that his claims are substantial, as he has not provided any factual explanation for why he believes that Martinez applies to his case. He has not made any substantive allegations of ineffective assistance of counsel, nor has he made any effort to link any ineffective assistance to his procedural default. Accordingly, he has failed to establish that Martinez excuses his procedural default of Claims B, C, D, G, H, and I.

## IV. Conclusion

For the above-stated reasons, Claim A, a portion of Claim B, Claim E, Claim F, a portion of Claim G, and a portion of Claim H are time-barred; and a portion of Claim B, Claim C, Claim D, a portion of Claim G, a portion of Claim H, and Claim I are procedurally defaulted. Accordingly, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this _____9th_____ day of _____July_____ 2015.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge

10